IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRIAN RAY MOCK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-01219-JDB-jay |
| | ) |
| JAMES M. HOLLOWAY, | ) |
| | ) |
| Respondent. | ) |

ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
ORDER DISMISSING § 2254 PETITION AS TIME-BARRED,
DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT AS MOOT,
DENYING MOTION TO APPOINT COUNSEL AS MOOT,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner, Brian Ray Mock,[1] has filed a habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) Petitioner has also filed a motion to appoint counsel (D.E. 5), a brief in support of the Petition (D.E. 6), a motion for default judgment (D.E. 16), and a response to Respondent's answer to the Petition (D.E. 23). Respondent James M. Holloway moves to dismiss the petition (D.E. 22). For the following reasons, the Petition is

---

[1] Petitioner is an inmate at the South Central Correctional Facility in Clifton, Tennessee. His TDOC identification number is 638077. The Clerk is DIRECTED to update Petitioner's address on the docket. *See Felony Offender Information*, Tenn. Dep't of Corr., https://foil.app.tn.gov/foil/search.jsp (last visited Apr. 4, 2025). The proper respondent to a habeas petition is the petitioner's custodian. *Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004). The Clerk is further DIRECTED to terminate James M. Holloway as a party to this case and add Warden Grady Perry as Respondent. *See South Central Correctional* Facility, Tenn. Dep't of Corr., https://www.tn.gov/correction/state-prisons/state-prison-list/south-central-correctional-facility.html (last visited Apr. 4, 2025).

DISMISSED WITH PREJUDICE, and the motions for default judgment and to appoint counsel are DENIED AS MOOT.

## BACKGROUND

On February 15, 2022, Mock pleaded guilty to three counts of sexual exploitation of a minor and was sentenced to ten years in prison. (D.E. 21-1 at PageID 79, 82–87.) He was ordered to be placed on the sexual offender registry, to have a psycho-sexual evaluation and follow all recommendations, and to have no use of the internet, including social media access. (*Id.* at PageID 79, 83.) He did not make a direct appeal. (D.E. 1 at PageID 3.)

On April 3, 2024, Petitioner filed a pro se motion to correct an illegal sentence in the Perry County Circuit Court. (D.E. Nos. 1, 1-1 & 21-1 at PageID 3, 10-16, 101–07.) On November 19, 2024, the State filed a response to the motion. (D.E. 21-2 at PageID 108–10.) The motion is still pending before the trial court. (*See* D.E. Nos. 1 & 16 at PageID 25, 12–16.)

## THE HABEAS PROCEEDINGS

Mock filed a pro se petition under 28 U.S.C. § 2254 on May 13, 2024. (D.E. 1.) He asserts that trial counsel provided ineffective assistance for failing to advise him of the "direct consequences of the sexual offender act" and that Tennessee's sexual offender registry laws are unconstitutional and violate the double jeopardy clause of the Fifth Amendment. (D.E Nos. 1 & 6 at PageID 4–6, 39–40.)

On October 18, 2024, the Court ordered Respondent to respond to the Petition and to file the state court record. (D.E. 11.) On November 14, 2024, Mock filed a motion for default judgment (D.E. 16.) The following day, Respondent filed a motion for extension of time to respond to the Petition and responded to the motion for default judgment. (D.E. Nos. 17 & 18.) The Court granted the motion for extension of time. (D.E. 19.) On December 2, 2024, Mock filed

a response to Respondent's opposition to the motion for default judgment. (D.E. 20.) On December 13, 2024, Respondent filed the state court record (D.E. 21) and an answer to the Petition (D.E. 22). He argues that the Petition is untimely and should be dismissed or, in the alternative, that Mock's claims are procedurally defaulted or not cognizable and should be dismissed. (D.E. 22 at PageID 135, 137–45.)

On January 2, 2025, Petitioner filed a response to Respondent's answer to the petition arguing he is entitled to equitable tolling. (D.E. 23 at PageID 147–50.)

## ANALYSIS

Respondent argues that Petitioner requested habeas relief more than one year after the one-year statute of limitations expired and has not demonstrated a basis for equitable tolling. (*See* D.E. 22 at PageID 135, 137–39.)

I.   Petitioner's §2254 Amended Petition and the Statute of Limitations

Under § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may grant habeas corpus relief for persons in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(1) provides that the limitations period begins to run from the <u>latest</u> of the four specified circumstances. In this case, however, there is no reason to conclude that the limitations period for the issues raised by Petitioner commenced at any time later than the date on which his conviction became final. Because he did not appeal his conviction, it became final at the expiration of the time for taking a direct appeal, March 17, 2022. 28 U.S.C. § 2244(d)(1)(A); *see Jiminez v. Quarterman*, 555 U.S. 113, 118–19 (2009); Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("A judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence."). The one-year statute of limitations began to run the following day and subsequently expired on Monday, March 20, 2023.[2] Fed. R. Civ. P. 6(a)(1)(A) ("Exclude the day of the event that triggers the period[.]").

Petitioner's motion to correct illegal sentence (D.E. 21-1 at PageID 101–07), which was filed in April of 2024 in state court, did not toll the running of the limitations period because, by that time, the limitations period had already expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *Owens v. Stine*, 27 F. App'x 351, 353 (6th

---

[2] Because "the last day" of the limitations period occurred on the weekend, "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

4

Cir. 2001) ("A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000)).  The § 2254 Petition is therefore time-barred unless equitable tolling applies.

II.     Equitable Tolling of the Statute of Limitations

The § 2254 limitations period is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645–49 (2010).  "[T]he doctrine . . . allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)), *abrogated on other grounds as recognized in Johnson v. United States*, 457 F. App'x 462, 470 (6th Cir. 2012).  The doctrine is used sparingly.  *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

"The party seeking equitable tolling bears the burden of proving he is entitled to it."  *Id.* at 784 (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Five factors determine the appropriateness of equitably tolling the statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Pinchon v. Myers*, 615 F.3d 631, 641 (6th Cir. 2010) (quoting *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)).  "These five factors 'are not comprehensive, nor is each of the five factors relevant

in all cases.'" *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009) (quoting *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005)).

Mock claims his limited knowledge of the law, limited access to legal material, and limited access to the law library entitle him to equitable tolling. (D.E. 23 at PageID 147–48.) These claims are without merit. Ignorance of the law is insufficient to warrant equitable tolling. *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010); *Allen*, 366 F.3d at 403 (6th Cir. 2004); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."). Additionally, "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *United States v. Stone*, 68 F. App'x 563, 565–66 (6th Cir. 2003); *see also Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 752 (6th Cir. 2011).

Petitioner further contends the Sixth Circuit's recent ruling in *Doe v. Lee*, 102 F.4th 330 (6th Cir. 2024), found Tennessee's sexual offender registry laws "unconstitutional" and this entitles him to equitable tolling. (*See* D.E. 23 at PageID 149–150.) Even liberally construing his argument to allege the ruling in *Doe* places him under 28 § 2244(d)(1)(C), his argument fails. Section 2244(d)(1)(C) is inapplicable in this case because *Doe* is not a Supreme Court ruling. Moreover, he misconstrues the ruling in *Doe* and has failed to argue actual innocence to overcome AEDPA's limitations period. *See Schlup v. Delo*, 513 U.S. 298 (1995).

Mock has failed to show that he has been pursuing his rights diligently and that an extraordinary circumstance prevented the timely filing of his Petition.

6

CONCLUSION

Mock's Petition is time-barred, and he is not entitled to equitable tolling. The petition is thus DISMISSED WITH PREJUDICE with judgment to be entered for Respondent. Because the petition is dismissed as time-barred, the Court need not reach a decision on the motion to appoint counsel (D.E. 5) and the motion for default judgment (D.E. 16), which are DENIED AS MOOT.

APPELLATE ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition as time barred. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App.

7

P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[3]

IT IS SO ORDERED this 7th day of April 2025.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $605.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.